Lee H. Rubin (SBN 141331)
  lrubin@mayerbrown.com
Rena Chng (SBN 209665)
  rchng@mayerbrown.com
Aengus H. Carr (SBN 240953)
  acarr@mayerbrown.com
Jason A. Wrubleski (SBN 251766)
  jwrubleski@mayerbrown.com
Mayer Brown LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA  94306-2112
Telephone: (650) 331-2000
Facsimile:  (650) 331-2060

Attorneys for Plaintiffs
RITA BALDWIN and JUSTIN CHOY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

C08 03516

| | |
|---|---|
| RITA BALDWIN and JUSTIN CHOY,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES TILTON, MICHAEL JOSEPH CASTRO, DEBBIE RIVES, C. SCOTT HARRIS, JR., and DOES 1-25, inclusive,<br><br>Defendants. | **COMPLAINT FOR INJUNCTIVE RELIEF FOR VIOLATION OF CONSTITUTIONAL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Rita Baldwin and Justin Choy allege upon knowledge as to themselves and their own actions, and upon information and belief as to all other matters, against Defendants James Tilton, Michael Joseph Castro, Debbie Rives, C. Scott Harris, Jr., and Does 1-25, inclusive, as follows:

## NATURE OF THE ACTION

1.  This is an action under Section 1983 of Title 42 of the United States Code against various officials and employees of the California Department of Corrections and Rehabilitation ("CDCR") who are responsible for a training regimen that actively teaches search procedures that routinely violate the constitutional rights of those subjected to them.

2.  As a result of the CDCR's training, several CDCR officers invaded Plaintiffs' home without a warrant, without consent, without probable cause, and absent any exigent circumstances, in clear violation of Plaintiffs' constitutional rights under the Fourth Amendment.

3.  This action seeks injunctive relief against the defendants to prevent them from instructing CDCR officers in search procedures which, by their nature, violate the constitutional rights of those subjected to them.

4.  Pursuant to Local Rule 3-12, Plaintiffs have filed concurrently herewith an Administrative Motion to Consider Whether Cases Should Be Related to relate this action to the action styled *Baldwin, et al. v. Dangerfield, et al.* (Case No. 06-2467 JF(HRL)), pending before this Court.

## JURISDICTION AND VENUE

5.  This action arises under 42 U.S.C. § 1983, and this Court has jurisdiction pursuant to 42 U.S.C. §§ 1331 and 1343.

6.  Venue for Plaintiffs' claim is proper in this District under 28 U.S.C. § 1391(b) because, among other things, the events giving rise to this action occurred in Morgan Hill, California, which is within this judicial district.

## PARTIES

7.  Plaintiffs Rita Baldwin and Justin Choy are and were at all times herein mentioned citizens of the United States of America and residents of Morgan Hill, California.

8. Defendant James Tilton is employed by the CDCR and is its Secretary and chief officer. In this position, Mr. Tilton has ultimate authority to set and responsibility for the formal and *de facto* training curriculum for CDCR agents. He is being sued in his official capacity as Secretary of the CDCR.

9. Defendant Michael Joseph Castro is and at all times herein mentioned was employed by the CDCR as Administrator of the Office of Correctional Safety. He is the CDCR's lead instructor on search policies, procedures, and law. He is being sued in his official capacity as an administrator for the CDCR.

10. Defendant Debbie Rives is employed by the CDCR as Deputy Director for Standards and Training for Corrections Division. In this position, Ms. Rives is responsible for the formal and *de facto* training curriculum for CDCR agents. She is being sued in her official capacity as Deputy Director for Standards and Training for Corrections Division.

11. Defendant C. Scott Harris, Jr., is employed by the CDCR as Executive Director of Corrections Standards Authority. In this position, Mr. Harris oversees the Standards and Training for Corrections Division and has responsibility for the formal and *de facto* training curriculum for CDCR agents. He is being sued in his official capacity as Executive Director of Corrections Standards Authority.

12. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the names and capacities of DOES 1-25, inclusive, when they have been ascertained.

13. In engaging in the conduct described herein, Defendants acted under the color of law and in the course and scope of their employment with CDCR. In engaging in the conduct described herein, Defendants exceeded the authority vested in them as officers of the CDCR under the Constitution of the United States and the Constitution of the State of California.

//

## STATEMENT OF FACTS

14. Plaintiffs' home is and was at all times herein mentioned located at 16785 Oakview Circle in Morgan Hill, California.

15. The backyard of Plaintiffs' home is and was at all time herein mentioned immediately adjacent to the house.

16. The backyard of Plaintiffs' home is and was at all time herein mentioned entirely enclosed by a solid wooden fence.

17. Plaintiffs do and did at all times herein mentioned use their backyard for domestic activities associated with the intimacy of their home. At all times herein mentioned, Plaintiffs' backyard contained patio furniture, a child's swing set, and a hot tub.

18. Plaintiffs do and did at all times herein mentioned take steps to protect their backyard from observation. At all times herein mentioned, Plaintiff's backyard was protected from observation by an opaque, six-feet-tall fence.

19. On the afternoon of July 6, 2004, three CDCR agents went to Plaintiffs' home to search for a convict who had escaped from a minimum security facility a few days earlier. As two of the three agents approached the front door of Plaintiffs' home, the third CDCR agent entered Plaintiffs' backyard through a closed door in the wooden fence. Once inside, the CDCR agent searched Plaintiffs' backyard.

20. When the CDCR agent entered Plaintiffs' backyard, he did so without a search warrant, without Plaintiffs' consent, and without probable cause. The CDCR agent was not in pursuit of anyone when he entered Plaintiffs' backyard.

21. Plaintiffs had a reasonable expectation of privacy in the backyard of their home. That expectation was violated when the CDCR agent entered and searched it without a search warrant, without Plaintiffs' consent, and without probable cause. This warrantless search violated Plaintiffs' right to be free from unreasonable searches as guaranteed by the Fourth Amendment of the Constitution of the United States.

22. Plaintiffs allege upon information and belief that the CDCR agent entered Plaintiffs' backyard as a result of Defendants' inadequate training and instruction. Specifically,

Defendants train CDCR agents to enter the fenced backyard of a private citizen's home without a warrant, consent, or probable cause. In addition, Defendants fail to train CDCR agents regarding a private citizen's reasonable expectation of privacy with respect to the area adjacent to his or her home that is (a) used for domestic activities associated with the intimacy of the home, (b) enclosed, and (c) protected from observation. The term "curtilage" is neither present in CDCR training materials on searches nor taught to CDCR agents.

23. Defendants' inadequate training caused the constitutional violation alleged in paragraph 18 above.

24. The constitutional violation alleged in paragraph 18 above reflects Defendants' deliberate indifference to the constitutional rights of persons with whom CDCR agents come into contact.

25. The constitutional violation alleged in paragraph 18 above reflects a pattern of officially sanctioned behavior whereby CDCR agents are encouraged to enter and search the constitutionally protected intimate areas of private citizens' property without a warrant, consent, or probable cause.

26. The constitutional violation alleged in paragraph 18 above reflects a policy of allowing behavior on the part of CDCR agents which violates the Fourth Amendment rights of private citizens.

27. As a result, Plaintiffs seek an order pursuant to 42 U.S.C. § 1983 enjoining Defendants from inadequately training CDCR agents regarding a private citizen's reasonable expectation of privacy with respect to the curtilage of his or her home as guaranteed by the Fourth Amendment of the Constitution of the United States.

### FIRST CAUSE OF ACTION

### Injunctive Relief Under 42 U.S.C. Section 1983

28. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1-24 above.

29. By engaging in the conduct described above, Defendants and DOES 1-25, inclusive, or any of them, acted under color of law to deprive Plaintiffs of the right to be free from unreasonable searches as guaranteed by the Fourth Amendment of the Constitution of the

1 | United States.

2 | 30. Defendants' inadequate training of CDCR agents reflects Defendants' deliberate
3 | indifference to the constitutional rights of persons with whom CDCR agents come into contact.
4 | 31. Defendants' inadequate training of CDCR agents reflects a pattern of officially
5 | sanctioned illegal behavior on the part of CDCR agents.
6 | 32. Defendants' inadequate training reflects a policy of allowing illegal behavior on
7 | the part of CDCR agents.
8 | 33. Plaintiffs' constitutional rights were violated as a result of Defendants' inadequate
9 | training. Plaintiffs have suffered and will continue to suffer irreparable harm from Defendants'
10 | inadequate training unless Defendants are enjoined therefrom by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for:

34. A permanent injunction enjoining Defendants, their employees, subordinates, agents, servants, and all persons in active concert or participation with them, or any of them, from training CDCR employees to enter the curtilage of a private citizen's home without a warrant, consent, or probable cause and in violation of the right to be free from unreasonable searches as guaranteed by the Fourth Amendment of the Constitution of the United States;

35. For reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

36. For such other additional relief as the Court deems proper.

**JURY DEMAND**

37. Plaintiffs hereby demand a jury trial in this action.

Dated: July 21, 2008

Mayer Brown LLP

By: /s/ Lee H. Rubin
    Lee H. Rubin

Attorneys for Plaintiffs Rita Baldwin and Justin Choy

*Filer's Attestation: Pursuant to General Order No. 45, Section X(B), Jason A. Wrubleski hereby attests that the signatory's concurrence in the filing of this document has been obtained.*

-5-

COMPLAINT FOR INJUNCTIVE RELIEF

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Rita Baldwin and Justin Choy

## DEFENDANTS
James Tilton, Michael Joseph Castro, Debbie Rives, C. Scott Harris, Jr., and Does 1-25, inclusive

**(b)** County of Residence of First Listed Plaintiff : Santa Clara County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Lee H. Rubin
Mayer Brown LLP
3000 El Camino Real, Two Palo Alto Square, Suite 300
Palo Alto, CA 94306  Phone: 650-331-2000

Attorney's (If Known)
Edmund G. Brown, Jr., Attorney General for the State of California
Office of the Attorney General
455 Golden Gate, Suite 11000
San Francisco, CA 94102-7004  Phone: 415-703-5500

C08 03516 RMW
HRL

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus – Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | [X] 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 1983

Brief description of cause:
Plaintiffs seek an injunction requiring Defendants to properly train corrections officers in search of residences

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE". CAND Case No. 5:06-cv-2467 JF, Baldwin, et al. v. Dangerfield, et al.

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)    ☐ SAN FRANCISCO/OAKLAND    [X] SAN JOSE

DATE 7/22/'08    SIGNATURE OF ATTORNEY OF RECORD
Lee H. Rubin /sw

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.
**Date and Attorney Signature.** Date and sign the civil cover sheet.