1  EDMUND G. BROWN JR.
     Attorney General of the State of California
2  PAUL T. HAMMERNESS
     Supervising Deputy Attorney General
3  TROY B. OVERTON (State Bar No. 171263)
     Deputy Attorney General
4    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-3664
5    Telephone: (415) 703-5500
     Facsimile:  (415) 703-5480
6  Email: troy.overton@doj.ca.gov

7  Attorneys specially appearing for
   Defendants James Tilton, Michael Joseph Castro,
8  Debbie Rives, and C. Scott Harris, Jr.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| RITA BALDWIN, et al., | CASE NO. C 08-03516 RMW HRL |
|---|---|
| Plaintiffs, | DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS WITH MEMORANDUM OF POINTS AND AUTHORITIES [FRCP 12(b)(5)] |
| v. | Date: October 3, 2008<br>Time: 9:00 a.m.<br>Place: Federal Building<br>280 South First Street<br>San Jose, California<br>Dept: 6, Fourth Floor<br>Judge: Hon. Ronald M. Whyte |
| JAMES TILTON, et al., | |
| Defendants. | |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on October 3, 2008 at 9:00 a. m. before the Honorable Ronald M. Whyte, United States District Judge, in Courtroom 6 of the above-entitled court, located at 280 South First Street, 4th Floor, San Jose, California, Defendants James Tilton, Michael Joseph Castro, Debbie Rives, and C. Scott Harris, Jr. (hereinafter referred to as "Defendants") will and hereby do move this Court to dismiss all claims for relief against them

1

1  pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. This motion is made on the
2  grounds that there was insufficient service of process and thus, all claims for relief contained in
3  plaintiffs' complaint for injunctive relief should be dismissed as to Defendants, or alternatively,
4  any alleged service of process should be quashed.

5      This motion is and shall be based upon this notice of motion and motion, the
6  accompanying memorandum of points and authorities, the Declaration of Troy B. Overton filed
7  herewith, all pleadings and papers on file in the matter herein, and upon such matters as may be
8  presented to the Court at the time of hearing should one be order by the Court.
9  DATED: August 12, 2008

10                                Respectfully submitted,

11                                EDMUND G. BROWN JR.
                                Attorney General of the State of California
12
                               PAUL T. HAMMERNESS
13                               Supervising Deputy Attorney General

14

15                              /s/ Troy B. Overton
16                              TROY B. OVERTON
                              Deputy Attorney General
17
                             Attorneys specially appearing for
18                              Defendants James Tilton, Michael Joseph Castro,
                             Debbie Rives, and C. Scott Harris, Jr.

19

20

21

22

23

24

25

26

27

28

Defendants' Notice of Motion and Motion to Dismiss with Mem. of P's & A's [FRCP 12(b)(5)]
*Baldwin, et al. v. Tilton, et al.*                                             Case No. C 08-03516 RMW

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

In their complaint for injunctive relief, Plaintiffs Rita Baldwin and Justin Choy (hereinafter "Plaintiffs") bring suit for injunctive relief against Defendants for alleged violation of civil rights (42 U.S.C. § 1983) and further allege that California Department of Corrections and Rehabilitation agents receive inadequate training "regarding a private citizen's reasonable expectation of privacy with respect to the curtilage of his or her home as guaranteed by the Fourth Amendment of the Constitution of the United States." Defendants have never been properly served with a the summons or complaint in this action. Thus, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, plaintiffs' claim for relief against Defendants should be dismissed, or alternatively, any alleged service of process should be quashed.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

On or about July 22, 2008, Plaintiffs filed a complaint for injunctive relief against Defendants for alleged violation of civil rights (42 U.S.C. § 1983) alleging that California Department of Corrections and Rehabilitation agents receive inadequate training "regarding a private citizen's reasonable expectation of privacy with respect to the curtilage of his or her home as guaranteed by the Fourth Amendment of the Constitution of the United States." (Complaint, pp. 1-5.)

On or about July 24, 2008, Plaintiffs filed four separate proofs of service which represented that they had served the summons and complaint in this action on Defendants by delivering said documents to "Edmund G. Brown - Attorney General." (Exhibit "A" to Declaration of Overton; Documents #7, #8, #9, & #10.) The proofs of service represent that Attorney General Brown is the agent authorized by appointment or by law to receive the documents. (*Id.*)

For the reasons stated below, the service of process allegedly effectuated by Plaintiffs is defective and thus, Defendants have not been properly served with either a summons or a

3

Defendants' Notice of Motion and Motion to Dismiss with Mem. of P's & A's [FRCP 12(b)(5)]
*Baldwin, et al. v. Tilton, et al.*                                                    Case No. C 08-03516 RMW

complaint. Therefore, Defendants James Tilton, Michael Joseph Castro, Debbie Rives, and C. Scott Harris, Jr. respectfully request that this motion to dismiss be granted.

### III.
### WHEN SERVICE OF A SUMMONS AND COMPLAINT IS INSUFFICIENT, THE ACTION IS SUBJECT TO DISMISSAL

Rule 12(b)(5) of the Federal Rules of Civil Procedure permits defendants to challenge sufficiency of service. If a Rule 12(b)(5) motion is granted, the court may either dismiss the action or quash the service. (*Montalbano v. Eastco Hand Tools, Inc.* (2nd Cir. 1985) 766 F.2d 737, 740.)

### IV.
### SINCE DEFENDANTS HAVE NOT BEEN PROPERLY SERVED WITH A SUMMONS OR COMPLAINT, PLAINTIFFS' CLAIM FOR RELIEF SHOULD BE DISMISSED, OR ALLEGED SERVICE QUASHED

Rule 4(e) of the Federal Rules of Civil Procedure delineates the specific requirements for service of process on individuals. (Fed. Rules Civ. Proc., rule 4(e), 28 U.S.C.) Strict compliance is required with the rules governing manner of service. A liberal construction of Rule 4 "cannot be utilized as a substitute for the plain legal requirement as to the manner in which service of process may be had." (*Mid-Continent Wood Products, Inc. v. Harris* (7th Cir. 1991) 936 F.2d 297, 301.) Under Rule 4(e)(2)(C) of the Federal Rules of Civil Procedure, a plaintiff may serve an individual by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. In addition to the procedures laid out in Rule 4(e)(2), Rule 4(e)(1) of the Federal Rules of Civil Procedure allows a plaintiff to serve an individual pursuant to the law of the state in which the district court is located. (Fed. Rules Civ. Proc., rule 4(e), 28 U.S.C.; Cal. Civ. Proc. Code, §§ 415.10 et seq.)

In this action, the only evidence documenting service of the summons and complaint on Defendants is the proofs of service which indicate that a "B.R. Davis" served the summons and complaint in this action on Defendants by delivering a copy of said documents to "Edmund G. Brown - Attorney General." (Exhibit "A" to Declaration of Overton; Documents #7, #8., #9, &

4

#10.) Neither Attorney General Brown nor his office is authorized to accept service of process on behalf of individual state employees (Declaration of Troy B. Overton, 2:3-5.) Further, Plaintiffs' proofs of service present no evidence that Attorney General Brown is an agent authorized by appointment or by law to receive service of process for the four individual defendants, and thus, there is no evidence that any of the provisions of Rule 4(e) of the Federal Rules of Civil Procedure were met.

When service of process is properly challenged, the party on whose behalf service was made has the burden to establish its validity. (*Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.* (5th Cir. 1981) 635 F.2d 434, 435; *Norlock v. City of Garland* (5th Cir. 1985) 768 F.2d 654, 656.) While a process server's return of service is generally accepted as prima facie evidence of <u>how</u> service was effected "which can only be overcome by strong and convincing evidence" (*O'Brien v. R.J. O'Brien & Assocs.* (7th Cir. 1993) 998 F.2d 1394, 1398), here plaintiffs' proof of service does not establish that the summons and complaint were properly served in accordance with Rule 4(e)(2)(C) of the Federal Rules of Civil Procedure. There is no evidence that Attorney General Brown is authorized to accept service on behalf of Defendants. Further, Plaintiffs' proofs of service appear to inaccurately represent that Attorney General Brown himself was personally served with the summons and complaint. (Declaration of Troy B. Overton, 2:6-8.) This did not occur and, instead, Plaintiffs merely delivered the summons and complaint to each of the Defendants by delivering them to the California Attorney General's Office. (Exhibit "A" to Declaration of Overton; Documents #7, #8, #9, & #10.) This procedure does not constitute valid personal service on any of the Defendants. (Fed. Rules Civ. Proc., rule 4(e), 28 U.S.C.; Cal. Civ. Proc. Code, §§ 415.10 et seq.) Since a summons and complaint has not been properly serve on Defendants, this motion to dismiss should be granted, or alleged service quashed.

///

///

///

///

5

Defendants' Notice of Motion and Motion to Dismiss with Mem. of P's & A's [FRCP 12(b)(5)]
*Baldwin, et al. v. Tilton, et al.*                                                    Case No. C 08-03516 RMW

## V.

## CONCLUSION

For the aforementioned reasons, that Defendants James Tilton, Michael Joseph Castro, Debbie Rives, and C. Scott Harris, Jr. respectfully request this Court grant their motion to dismiss all of plaintiff's claims for relief against them, or alternatively, quash any alleged service of process in this matter.

DATED: August 12, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

PAUL T. HAMMERNESS
Supervising Deputy Attorney General


 /s/ Troy B. Overton
TROY B. OVERTON
Deputy Attorney General

Attorneys specially appearing for
Defendants David Posner, Gary B. Haffner, and
Ellen Lynn Willis

6

Defendants' Notice of Motion and Motion to Dismiss with Mem. of P's & A's [FRCP 12(b)(5)]
*Baldwin, et al. v. Tilton, et al.*                                           Case No. C 08-03516 RMW