Lee H. Rubin (SBN 141331)
lrubin@mayerbrown.com
Rena Chng (SBN 209665)
rchng@mayerbrown.com
Aengus H. Carr (SBN 240953)
acarr@mayerbrown.com
Jason A. Wrubleski (SBN 251766)
jwrubleski@mayerbrown.com
Mayer Brown LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone: (650) 331-2000
Facsimile: (650) 331-2060

Attorneys for Plaintiffs
RITA BALDWIN and JUSTIN CHOY



FILED
AUG 21 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RECEIVED
AUG 21 2008
Richard W. Wieking
Clerk, U.S. District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT

## SAN JOSE DIVISION

RITA BALDWIN and JUSTIN CHOY,

   Plaintiffs,

v.

MATTHEW CATE, MICHAEL JOSEPH CASTRO, DEBBIE RIVES, C. SCOTT HARRIS, JR., and DOES 1-25, inclusive,

   Defendants.

Case No. CV 08-03516 RMW (hrl)

**AMENDED COMPLAINT FOR INJUNCTIVE RELIEF FOR VIOLATION OF CONSTITUTIONAL RIGHTS**

**DEMAND FOR JURY TRIAL**

Plaintiffs Rita Baldwin and Justin Choy allege upon knowledge as to themselves and their own actions, and upon information and belief as to all other matters, against Defendants Matthew Cate, Michael Joseph Castro, Debbie Rives, C. Scott Harris, Jr., and Does 1-25, inclusive, as follows:

## NATURE OF THE ACTION

1. This is an action under Section 1983 of Title 42 of the United States Code against various officials and employees of the California Department of Corrections and Rehabilitation ("CDCR") who are responsible for a training regimen that actively teaches search procedures that routinely violate the constitutional rights of those subjected to them.

2. As a result of the CDCR's training, several CDCR officers invaded Plaintiffs' home without a warrant, without consent, without probable cause, and absent any exigent circumstances, in clear violation of Plaintiffs' constitutional rights under the Fourth Amendment.

3. This action seeks injunctive relief against the defendants to prevent them from instructing CDCR officers in search procedures which, by their nature, violate the constitutional rights of those subjected to them.

## JURISDICTION AND VENUE

4. This action arises under 42 U.S.C. § 1983, and this Court has jurisdiction pursuant to 42 U.S.C. §§ 1331 and 1343.

5. Venue for Plaintiffs' claim is proper in this District under 28 U.S.C. § 1391(b) because, among other things, the events giving rise to this action occurred in Morgan Hill, California, which is within this judicial district.

## PARTIES

6. Plaintiffs Rita Baldwin and Justin Choy are and were at all times herein mentioned citizens of the United States of America and residents of Morgan Hill, California.

7. Defendant Matthew Cate is employed by the CDCR and is its Secretary and chief officer. In this position, Mr. Cate has ultimate authority to set and responsibility for the formal and *de facto* training curriculum for CDCR agents. He is being sued in his individual capacity as Secretary of the CDCR.

8. Defendant Michael Joseph Castro is and at all times herein mentioned was employed by the CDCR as Administrator of the Office of Correctional Safety. He is the CDCR's lead instructor on search policies, procedures, and law. He is being sued in his individual capacity as an administrator for the CDCR.

9. Defendant Debbie Rives is employed by the CDCR as Deputy Director for Standards and Training for Corrections Division. In this position, Ms. Rives is responsible for the formal and *de facto* training curriculum for CDCR agents. She is being sued in her individual capacity as Deputy Director for Standards and Training for Corrections Division.

10. Defendant C. Scott Harris, Jr., is employed by the CDCR as Executive Director of Corrections Standards Authority. In this position, Mr. Harris oversees the Standards and Training for Corrections Division and has responsibility for the formal and *de facto* training curriculum for CDCR agents. He is being sued in his individual capacity as Executive Director of Corrections Standards Authority.

11. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the names and capacities of DOES 1-25, inclusive, when they have been ascertained.

12. In engaging in the conduct described herein, Defendants acted under the color of law and in the course and scope of their employment with CDCR. In engaging in the conduct described herein, Defendants exceeded the authority vested in them as officers of the CDCR under the Constitution of the United States and the Constitution of the State of California.

## STATEMENT OF FACTS

13. Plaintiffs' home is and was at all times herein mentioned located at 16785 Oakview Circle in Morgan Hill, California.

14. The backyard of Plaintiffs' home is and was at all time herein mentioned immediately adjacent to the house.

15.  The backyard of Plaintiffs' home is and was at all time herein mentioned entirely enclosed by a solid wooden fence.

16.  Plaintiffs do and did at all times herein mentioned use their backyard for domestic activities associated with the intimacy of their home. At all times herein mentioned, Plaintiffs' backyard contained patio furniture, a child's swing set, and a hot tub.

17.  Plaintiffs do and did at all times herein mentioned take steps to protect their backyard from observation. At all times herein mentioned, Plaintiff's backyard was protected from observation by an opaque, six-feet-tall fence.

18.  On the afternoon of July 6, 2004, three CDCR agents went to Plaintiffs' home to search for a convict who had escaped from a minimum security facility a few days earlier. As two of the three agents approached the front door of Plaintiffs' home, the third CDCR agent entered Plaintiffs' backyard through a closed door in the wooden fence. Once inside, the CDCR agent searched Plaintiffs' backyard.

19.  When the CDCR agent entered Plaintiffs' backyard, he did so without a search warrant, without Plaintiffs' consent, and without probable cause. The CDCR agent was not in pursuit of anyone when he entered Plaintiffs' backyard.

20.  Plaintiffs had a reasonable expectation of privacy in the backyard of their home. That expectation was violated when the CDCR agent entered and searched it without a search warrant, without Plaintiffs' consent, and without probable cause. This warrantless search violated Plaintiffs' right to be free from unreasonable searches as guaranteed by the Fourth Amendment of the Constitution of the United States.

21.  Plaintiffs allege upon information and belief that the CDCR agent entered Plaintiffs' backyard as a result of Defendants' inadequate training and instruction. Specifically, Defendants train CDCR agents to enter the fenced backyard of a private citizen's home without a warrant, consent, or probable cause. In addition, Defendants fail to train CDCR agents regarding a private citizen's reasonable expectation of privacy with respect to the area adjacent to his or her home that is (a) used for domestic activities associated with the intimacy of the home, (b) enclosed, and (c) protected from observation. The term "curtilage" is neither present in CDCR

training materials on searches nor taught to CDCR agents.

22. Defendants' inadequate training caused the constitutional violation alleged in paragraph 18 above.

23. The constitutional violation alleged in paragraph 18 above reflects Defendants' deliberate indifference to the constitutional rights of persons with whom CDCR agents come into contact.

24. The constitutional violation alleged in paragraph 18 above reflects a pattern of officially sanctioned behavior whereby CDCR agents are encouraged to enter and search the constitutionally protected intimate areas of private citizens' property without a warrant, consent, or probable cause.

25. The constitutional violation alleged in paragraph 18 above reflects a policy of allowing behavior on the part of CDCR agents which violates the Fourth Amendment rights of private citizens.

26. As a result, Plaintiffs seek an order pursuant to 42 U.S.C. § 1983 enjoining Defendants from inadequately training CDCR agents regarding a private citizen's reasonable expectation of privacy with respect to the curtilage of his or her home as guaranteed by the Fourth Amendment of the Constitution of the United States.

## FIRST CAUSE OF ACTION

### Injunctive Relief Under 42 U.S.C. Section 1983

27. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1-24 above.

28. By engaging in the conduct described above, Defendants and DOES 1-25, inclusive, or any of them, acted under color of law to deprive Plaintiffs of the right to be free from unreasonable searches as guaranteed by the Fourth Amendment of the Constitution of the United States.

29. Defendants' inadequate training of CDCR agents reflects Defendants' deliberate indifference to the constitutional rights of persons with whom CDCR agents come into contact.

30. Defendants' inadequate training of CDCR agents reflects a pattern of officially sanctioned illegal behavior on the part of CDCR agents.

-4-

31.  Defendants' inadequate training reflects a policy of allowing illegal behavior on the part of CDCR agents.

32.  Plaintiffs' constitutional rights were violated as a result of Defendants' inadequate training. Plaintiffs have suffered and will continue to suffer irreparable harm from Defendants' inadequate training unless Defendants are enjoined therefrom by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for:

33.  A permanent injunction enjoining Defendants, their employees, subordinates, agents, servants, and all persons in active concert or participation with them, or any of them, from training CDCR employees to enter the curtilage of a private citizen's home without a warrant, consent, or probable cause and in violation of the right to be free from unreasonable searches as guaranteed by the Fourth Amendment of the Constitution of the United States;

34.  For reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

35.  For such other additional relief as the Court deems proper.

## JURY DEMAND

36.  Plaintiffs hereby demand a jury trial in this action.

Dated: July 21, 2008                        Mayer Brown LLP

                                            By:  /s/ Lee H. Rubin
                                                 Lee H. Rubin

                                            Attorneys for Plaintiffs Rita Baldwin and Justin Choy

*Filer's Attestation: Pursuant to General Order No. 45, Section X(B), Jason A. Wrubleski hereby attests that the signatory's concurrence in the filing of this document has been obtained.*