**E-FILED on** 11/05/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RITA BALDWIN and JUSTIN CHOI,<br><br>   Plaintiffs,<br><br>   v.<br><br>MATTHEW CATE, MICHAEL JOSEPH CASTRO, DEBBIE RIVES, C. SCOTT HARRIS, JR. and DOES 1-25,<br><br>   Defendants. | No. C-08-03516 RMW<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT FOR INJUNCTIVE RELIEF<br><br>**[Re Docket No. 31]** |

Plaintiffs Rita Baldwin ("Baldwin") and Justin Choi ("Choi") seek injunctive relief pursuant to 42 U.S.C. § 1983 to prevent violations of their constitutional rights that, they allege, arise out of the inadequate training of California Department of Corrections and Rehabilitation ("CDCR") agents. Defendants move to dismiss, contending that plaintiffs 1) have no standing to seek such an injunction, and 2) have an adequate legal remedy. For the following reasons, the court grants the motion.

## I. BACKGROUND

On July 6, 2004, agents from the CDCR were searching for an escaped convict. Am. Compl. ¶ 18. The fugitive's brother-in-law received a phone call, which he did not answer, from a number

that he did not recognize. Opp. 5. Investigators traced the call to plaintiffs' home in Morgan Hill and dispatched three CDCR agents to search for the convict. *Baldwin, et al. v. Dangerfield, et al.*, USDC Northern Dist. Of Calif., Case No. CV 06-02467 JF. Two plainclothes CDCR agents and one uniformed Morgan Hill police officer went to the front door of the home while a third plainclothes CDCR agent entered the backyard through a latched door in a fence. *Baldwin, et al. v. Dangerfield, et al.*, USDC Northern Dist. Of Calif., Case No. CV 06-02467 JF, Compl. ¶ 8. Choi, Baldwin's 14-year old son, answered the door. *Id.*. ¶ 11. The parties dispute whether the minor gave consent, but the two plain clothes CDCR agents admit that they entered the home. *Id*. The uniformed Morgan Hill police officer claims that he did not initially enter the home with the CDCR agents because he felt uncomfortable entering the residence without a search warrant or consent. *Baldwin, et al. v. Dangerfield, et al.*, USDC Northern Dist. Of Calif., Case No. CV 06-02467 JF. Baldwin encountered the two agents in the hallway near the front door and consented to allow them to search for the fugitive. *Baldwin v. Dangerfield*, Compl. ¶ 12. The agent in the backyard conducted a search for the escaped convict without speaking to Baldwin. Compl. ¶ 20. The agents did not encounter the escaped convict at the home. As a result of the agents' entry, Baldwin claims that she initially believed her home was being robbed, that she felt shocked and humiliated, and that she feared for her life. *Id*. ¶ 12, ¶ 14; *Baldwin, et al. v. Dangerfield, et al.*, USDC Northern Dist. Of Calif., Case No. CV 06-02467 JF.

     Defendant Castro serves as Administrator of the Office of Correctional Safety for the CDCR and is the lead instructor on departmental search policies, procedures and law. Compl. ¶ 9. Defendant Rives serves as Deputy Director for Standards and Training for the Corrections Division and is responsible for training curriculum for CDCR agents. *Id*. ¶ 10. Defendant Harris serves as Executive Director of Corrections Standards Authority and is responsible for setting the CDCR's training curriculum. Id. ¶ 11. Plaintiffs maintain that the CDCR training manual does not contain the word "curtilage" nor is the term taught to agents. Am. Compl. ¶ 21.

## II. ANALYSIS

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT FOR INJUNCTIVE RELIEF—No. C-08-03516 RMW
CEA      2

Defendants move to dismiss, arguing first that plaintiffs have no standing under Article III of the Constitution to seek injunctive relief, and second that plaintiffs have an adequate legal remedy. The court considers each argument in turn.

**A.      Standing to Seek Injunctive Relief**

To have standing under Article III of the Constitution, plaintiffs must allege an actual case or controversy. *Flast v. Cohen*, 392 U.S. 83 (1968). Without standing, the claim must be dismissed under Rule 12(b)(6). *Sacks v. Office of Foreign Assets Control*, 466 F.3d 764, 771 (9th Cir. 2006). Article III requires that: "(1) the plaintiff suffered an injury in fact, i.e., one that is sufficiently 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical,' (2) the injury is 'fairly traceable' to the challenged conduct, and (3) the injury is 'likely' to be 'redressed by a favorable decision.'" *Bates v. United Parcel Service*, 511 F.3d 974, 985 (2007) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). To establish standing to seek an injunction, plaintiffs must demonstrate "a sufficient likelihood that he will again be wronged in a similar way." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). To do so, a plaintiff must allege a "real and immediate" threat of repeated harm that, in accordance with *Lujan*'s first requirement, is not merely conjectural or hypothetical. *Id.* at 102. And past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Id.* (quoting *O'Shea v. Littleton*, 414 U.S. 488 (1974).)

A plaintiff can make the requisite showing that a future harm is sufficiently likely in at least the following ways. First, plaintiff can demonstrate that "the defendant had, at the time of the injury, a written policy, and that the injury 'stems from' that policy." *Armstrong v. Davis*, 275 F.3d 849, 861 (2001). That is, when the harm alleged is directly traceable to a written policy, there is an implicit likelihood of its repetition in the immediate future. *Id.* Second, a plaintiff may also establish standing by demonstrating that the harm is part of a "pattern of officially sanctioned behavior" violative of the plaintiffs' federal rights. *Id.* (quoting *LaDuke v. Nelson*, 762 F.2d 1318, 1323 (9th Cir. 1985)).

Plaintiffs' complaint includes the following allegations:

> 22. Plaintiffs allege upon information and belief that the CDCR agent enter Plaintiffs backyard as a result of Defendants' inadequate training and instruction.  Specifically, Defendants train CDCR agents to enter the fenced backyard of a private citizen's home without warrant, consent, or probable cause. In addition, Defendants fail to train CDCR agents regarding a private citizen's reasonable expectation of privacy with respect to the area adjacent to his or her home that is (a) used for domestic activities associated with the intimacy of the home, (b) enclosed, and (c) protected from observation.  The term "curtilage" is neither present in CDR training materials on searches nor taught to CDCR agents.
>
> 23. Defendants inadequate training caused the constitutional violation alleged in paragraph [21] above.

Compl. For Inj. Relief ¶ 22-23.  Plaintiffs argue that these statements satisfy either of *Armstrong*'s methods of establishing sufficient threat of future harm. Pls.' Opp. to Defs.' Mot. to Dismiss 3-6. As to the first, plaintiffs do not allege that defendants' written policy caused the violation of their constitutional rights.  In fact, with regard to any written policy, Baldwin and Choi allege only that the CDCR training manual omits the word "curtilage" and that the concept is not taught to new agents.  Compl. For Inj. Relief ¶ 22.  Even if this is true, the manual may employ other words to describe the area around a home.  Finally, no allegation supports the claim that a written policy caused the underlying violation.

Further, the pleaded facts do not show that the CDCR officially sanctioned a pattern of violations. Plaintiffs offer only one instance of such behavior, the July 2004 incident in the underlying damages action.  Compl. For Inj. Relief ¶ 21.  Plaintiffs argue that the inadequate training regimen "gives rise to a pattern of officially sanctioned behavior." Pls.' Opp. to Defs.' Mot. to Dismiss 4. This may be so, but it is not pleaded in the complaint.  Since it is improbable that their house will be targeted again for a search by CDCR agents, and because plaintiffs do not report any repetition of such activity since 2004, the court finds that there is not sufficient likelihood that plaintiffs' constitutional rights will be threatened to support standing to seek injunctive relief.

**B.     Plaintiffs Damages Action Provides An Adequate Legal Remedy**

To support an action for injunctive relief, plaintiffs must show that without it, they will suffer irreparable injury, and that they have no adequate remedy at law.  *Stanley v. University of*

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT FOR INJUNCTIVE RELIEF—No. C-08-03516 RMW
CEA                                                              4

1   *Southern California*, 13 F.3d 1313, 1320 (9th Cir. 1994).  For the single instance of alleged violation
2   of their constitutional rights, Baldwin and Choi have an adequate remedy in their damages action.
3   However, because plaintiffs do not plead facts sufficient to show that they are likely to suffer further
4   injury, any recovery in their damages suit will constitute an adequate remedy.

### III.  ORDER

For the reasons set forth above, the court GRANTS defendants' motion to dismiss with twenty days leave to amend.  Plaintiffs may amend only if they can in good faith allege facts showing that defendants acted pursuant to a written policy or a pattern of officially sanctioned behavior violative of plaintiffs' civil rights.  Plaintiffs must plead facts that support such a written policy or pattern of officially sanctioned behavior and not merely rely on conclusory inferences from the events at plaintiffs' residence on July 6, 2004.

DATED:     11/05/08                              /s/ Ronald M. Whyte

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

| | |
|---|---|
| Aengus Hartley Carr | accar@mayerbrownrowe.com |
| Donald M. Falk | dfalk@mayerbrown.com |
| Jason Adam Wrubleski | jwrubleski@mayerbrown.com |
| Lee H. Rubin | lrubin@mayerbrown.com |
| Rena Chng | rchng@mayerbrown.com |

**Counsel for Defendants:**

| | |
|---|---|
| Troy Bentley Overton | troy.overton@doj.ca.gov |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     11/05/08                         JAS

                              **Chambers of Judge Whyte**